UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dallion Duane Goins, # 950447, | ) C/A No. 8:10-3076-JMC-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Trinity Food Services Group, Inc., | ) |
| Defendant. | ) |

This is a civil action filed *pro se* by a county detainee.[1] He filed a Complaint in this Court seeking $ 1,000,000.00 in damages from Trinity Food Services Group, Inc. The entire body of Plaintiff's Complaint, or, in other words, the "statement of claim" consists of one admittedly long sentence, quoted here: "I Dallion Goins 950447 on the date of April 28, 2010 while at Lexington County Detention Center ate the food prepared by Trinity Food Services Group Inc. and did suffer from severe stomach pain, vomiting and diarrhea as a result of food poisoning." (ECF No. 1, Compl. 3). These are the only factual allegations contained in the entire Complaint.

Although Plaintiff names one Defendant and writes that it "prepared" the food he ate, he does not provide any facts showing or even leading to a reasonable inference that Defendant had any awareness that the food provided to the detainees on was spoiled or that it might cause the digestive problems that Plaintiff claims he suffered. In fact, Plaintiff does not even state in his Complaint that the food he was served caused or contributed to the problems he experienced.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

He only says that he ate dinner and became sick. Nor does Plaintiff allege anything about any actions taken or not taken by Defendant to assist Plaintiff with his symptoms when they arose or to ease the problems he allegedly had.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Complaint submitted by Plaintiff to open this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s}" of the basis for the court's jurisdiction and of the basis for

Plaintiff's claims against Defendants. As stated above, Plaintiff fails to provide the Court with any real factual background for the claims he attempts to raise in this case. Although he has named a Defendant, he does not say that Defendant violated any of his constitutional rights and, in fact, he does not state what, exactly, the Defendant did or what actions it took, if any, that resulted in the alleged physical illness of which he complains. There are no allegations that Defendant did anything specific to cause or contribute to Plaintiff's sickness other than preparing food that was ultimately served to him. Importantly, there are no allegations that Defendant had any direct involvement in the serving of food that particular day or that Defendant knew, or had reason to know, that the food served would make everyone sick, assuming that is what Plaintiff intends his two-sentence statement of claim to imply.

While the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). It is true that we are bound to liberally construe Plaintiff's *pro se* Complaint, but Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278); *Gordon v. Leeke*, 574 F.2d at 1151. Due to the lack of factual allegations of specific wrongdoing attributable to Defendant, the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that

3

are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 (dismissal proper where there were no allegations against defendants); *see also Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)(dismissing a *pro se* complaint for improper pleading); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981).

Assuming without deciding that Plaintiff's minimal allegations are intended to state a claim for damages pursuant to 42 U.S.C. § 1983 for unconstitutional conditions of confinement arising from food service at the Lexington County Detention Center,[2] it is clear that Plaintiff's Complaint allegations are wholly inadequate to state any viable claim of Eighth and Fourteenth Amendment violations. With respect to a county detainee's conditions-of-confinement claims, the United States Supreme Court explained in *Farmer v. Brennan*, 511 U.S. 825 (1994), that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees)[3] *only* when two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,'" and (ii) the prison official must have a 'sufficiently culpable state of mind,'" *i.e.,* "'deliberate indifference' to inmate health or safety." *Id*. at 834 (citations omitted). The Court further determined that its standard for "deliberate indifference" would be "subjective recklessness as used in the criminal law." *Id*. at 839-40. "In short, the Court concluded that a prison official may be held liable under

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[3] While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees – such as Plaintiff -- humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d at 495; *see also Chisolm v. Cannon*, No. C.A. 4:02-3473-RBH, 2006 WL 361375 (D. S.C., Feb. 15, 2006). For this reason, the standards discussed in *Farmer v. Brennan* are equally applicable in Plaintiff's case.

the Eighth Amendment for denying humane conditions of confinement only if he *knows* that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997) (citing *Farmer* at 847); *see also Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)(applying Eighth Amendment analysis in a conditions-of-confinement case filed by a state pre-trial detainee).

Even were this Court to liberally construe Plaintiff's minimal allegations about getting sick as implying, without explicitly stating, that he got sick from spoiled food served at the detention center, such a construction would, at most, satisfy the pleading requirements relative to the objective prong of the *Farmer v. Brennan* analysis. It would not, however, come anywhere near to establishing any factual background for a holding that Defendant had the requisite state of mind to satisfy the "subjective prong."

In this case, Plaintiff alleges no conduct on Defendant's part that approaches "deliberate indifference": he sets forth no facts showing that Defendant knowingly, or with reckless disregard, served him bad food that caused his sickness. Furthermore, there are no allegations that would permit the Court to infer deliberate indifference from the surrounding circumstances alleged. There are just not enough facts alleged to permit a liberal construction of the documents to state any possible deliberate indifference or bad intent on Defendant's part. As a result, the allegations contained in the Petition, even very liberally construed, are clearly inadequate to state a viable § 1983 cause of action for compensatory damages arising from the conditions under which Plaintiff is confined in Lexington County. Without sufficient factual allegations to support a finding of the requisite deliberate indifference of jail officials to a pervasive risk of harm to Plaintiff himself arising from the food he ate, the Complaint filed in this case fails to state a viable Eighth and/or Fourteenth Amendment claim. Since there are no other potential federal claims evident from the face of the Complaint either, this case is subject to summary dismissal without service of process.

*See Stevenson v. Whetsel*, 52 F. Appx. 444 (10th Cir. 2002).

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

December 22, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).